IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFERY LOVELL STANTON,

    Petitioner,
v.                                                      CASE NO. 3:15-cv-413-LC-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted of a drug-trafficking offense following a jury trial in Escambia County in November 2012 (Case No. 2011-CF-5363).  He was convicted of a separate drug-trafficking offense following a bench trial in Escambia County in February 2013 (Case No. 2011-CF-5361).  The Petition in this case references only the conviction in Escambia County Case No. 2011-CF-5363.  ECF No. 1. ECF No. 15.

The Respondent has now filed a motion to dismiss the petition, supported by relevant portions of the state court record, for failure to state cognizable federal habeas claims and failure to exhaust state remedies. ECF No. 16.  Petitioner has filed a response in opposition to the motion.

ECF No. 18.  Upon due consideration of the Petition and memorandum, the motion, Petitioner's response, and the state court record, the Court concludes that motion to dismiss is due to be granted in part and denied in part.

## I. Background

The conviction and sentence underlying this case were affirmed *per curiam* without written opinion on December 3, 2013.  *Stanton v. State*, 127 So.3d 507 (Fla. 1st DCA 2013).  Petitioner sought state habeas corpus relief, alleging claims of ineffective assistance of appellate counsel and trial court errors.  The First DCA summarily denied the petition on the merits. *Id*. Exh. G, H.

Petitioner filed motions for postconviction relief pursuant to Fla. R. Crim. P. 3.850.  His first two motions were dismissed as insufficient.  *Id*. Exh. I at 49-50, 100-01.  A third motion was summarily denied on the merits without an evidentiary hearing.  *See* ECF No. 1-1 at 30.

As the state court explained in the order denying postconviction relief, Petitioner's charges stemmed from an undercover storefront operation where Petitioner was alleged to have sold 50 hydrocodone pills to an undercover officer on September 14, 2011.  The transaction was

recorded on videotape, which was played for the jury at Petitioner's trial. An undercover officer, Jason Gilmore, identified Petitioner in open court as the individual on the videotape who sold him the pills at the "Anything for a Buck" storefront operation. ECF No. 16-1 at 56.

Petitioner's first claim on postconviction review was that trial counsel was ineffective for failing to pursue the defense of entrapment. The state court rejected the claim because the record showed that counsel did explore the theory that the sheriff operated an illegal business by cross-examining Gilmore regarding the license status of the business and by attempting to call a deputy tax collector as a witness to testify that the operation did not have a business tax receipt. The trial court found that the testimony was irrelevant to the facts of the case and denied the testimony. The postconviction court therefore found that counsel was not ineffective. ECF No. 1-1 at 32.

Petitioner's second claim was that counsel was ineffective for failing to argue for an instruction of unlawful intent. The state court rejected this claim, finding that the trial court denied counsel's motion to include the term "unlawfully" in the jury instructions, and that Petitioner failed to show what further argument counsel should have articulated. *Id*. at 33.

In Petitioner's third claim, he argued that counsel was ineffective for failing to call additional witnesses regarding alleged discrepancies in the chain of custody and the weight of the pills sold to the undercover officer. After carefully reviewing the trial evidence, the postconviction court found this claim to be without merit.  *Id*.  at 33-35.

Petitioner's fourth claim alleged that his trial counsel conceded his guilt without consulting him by stating in closing argument that there was no evidence Petitioner knew he couldn't sell his pills, for which Petitioner had a valid prescription.  The postconviction court rejected this claim, finding that counsel did not concede guilt but rather argued that Petitioner was presumed innocent and that counsel challenged the chain of custody, discrepancies in the weight of the evidence, and doubts about whether the sheriff needed a business license to conduct the operation.  The postconviction court noted, however, that a videotape of the transaction depicting Petitioner was played for the jury.  The court found that Petitioner failed to show that a prescription defense was available to him, because the state pursued the trafficking charge on the basis of the sale of the pills and not possession.  The court found that an entrapment defense was not available because Petitioner would have needed to concede that he sold

the pills. Accordingly, the court rejected Petitioner's claim that counsel was ineffective for failing to file an adequate motion to dismiss based on the defenses of a valid prescription and entrapment. *Id*. at 35-36.

The First DCA affirmed *per curiam* without written opinion. *Stanton v. State*, 169 So.3d 1169 (Fla. 1st DCA 2015). Petitioner pursued a second state habeas corpus petition on grounds that are not relevant to the claims asserted in this case.

The instant federal petition, which Respondent concedes is timely, raises the following grounds for relief: (1) the trial court lacked jurisdiction due to defects in the charging instrument; (2) discovery violations resulted in fraud upon the trial court; (3) Petitioner has established "gateway innocence" sufficient to overcome procedural defaults; (4) & (5) Petitioner's rights were violated because of the government's entrapment, and he was entitled to a jury instruction on entrapment; (6) ineffective assistance; (7) "cumulative error." ECF No. 1.

## II. Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28

U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the

conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### III. Section 2254 Standard of Review

For claims that are properly exhausted, the Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes further limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas

court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, ___ U.S. ___, 2013 WL 5904117, *4 (2013)(quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*. This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*[1]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the

---

[1] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976)).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

## IV.  Discussion

### A.  *Ground One: Sufficiency of Indictment*

In Ground One, Petitioner contends that the trial court lacked subject

matter jurisdiction because the court "omitted essential element in charging information document." ECF No. 1 at 5. In his memorandum in support of the Petition, Petitioner explains that local and federal law enforcement opened a fake pawn shop and then distributed flyers through the community soliciting merchandise with "anything for a buck" and "no questions asked." As a result of the operation, Petitioner was charged with selling hydrocodone to an undercover officer. Petitioner argues that the charging instrument omits essential elements of the charge, and further argues that "the government techniques employed in this case are not condoned by the Constitution . . . . the Petitioner establishes government inducement on its face." Petitioner appears to argue that the charging information was required to state that the charges were the result of a sting operation, in violation of due process, although the precise nature of Petitioner's arguments are somewhat difficult to construe. *See* ECF No. 2 at 6-7 (memorandum in support of petition).

As Respondent contends, Petitioner did not raise any defects in the charging information in the trial court or on direct appeal. *See* ECF No. 16 Exh. C-E. Accordingly, this claim is procedurally defaulted and foreclosed from federal review. Petitioner makes no showing of cause and prejudice

sufficient to overcome the procedural default.

Even if the claim were not procedurally defaulted and foreclosed from review, it is clear that Petitioner is not entitled to relief on the merits, and the Court may deny relief notwithstanding any failure to exhaust. 28 U.S.C § 2254(b)(2). Under the Sixth Amendment, the Petitioner has a right to reasonable notice of the charge against him. *In re Oliver*, 333 U.S. 257 (1948) (A person's right to reasonable notice of the charge against him is applied to the states through the Fourteenth Amendment.) However, the sufficiency of a state indictment or information is not a matter for federal habeas corpus relief unless it can be shown that the indictment or information is so defective that the convicting court had no jurisdiction. *Heath v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989); *Branch v. Estelle*, 631 F.2d 1229 (5th Cir.1980).

In this case, Petitioner has made no showing that the information was so defective that the state court lacked jurisdiction. The indictment is included in the record at ECF No. 16-1, Exh. A at 29, and appears to comply with all formal requisites. It cites the state statute that was violated, tracks the language of the statute, incorporates the elements of the offense of trafficking in illegal drugs, recites the date of the offense, identifies the

Petitioner, and specifically states that the offense occurred within 1000 feet of a community center, identifying the center and the address. It is executed under oath by the assistant state attorney. ECF No. 16-1, Exh. A at 29. Thus, the indictment was not fatally defective as it provided Petitioner sufficient notice of the charge lodged against him so as to allow preparation of an adequate defense, and, therefore, "the state trial court was not deprived of jurisdiction." *Heath*, 863 F.2d at 821. This claim presents no basis for federal habeas corpus relief.

### B. Ground Two and Three: False Affidavit and New Evidence

These claims are interrelated. Petitioner contends that an undercover agent, Jason Gilmore, made a false probable cause affidavit implicating Petitioner in the sale of hydrocodone pills to Gilmore, when a recording of the sting operation showed that a different individual sold pills to Gilmore, not Petitioner. ECF No. 2 at 8; *see* ECF 16-1 at 35-36 (affidavit of Jason Gilmore).

Respondent points out that the claim regarding the affidavit was never raised on direct appeal or on collateral review, nor was it asserted as a claim of ineffective assistance of trial counsel in any of Petitioner's postconviction motions. *See* ECF No. 16-1 Exh. C, 16-2 Exh. E, 16-2 Exh.

I at 129-54, 235-58; ECF No. 16-3 at 19-97. Petitioner concedes that the claim was procedurally defaulted, but argues that enforcing the default against him would result in a fundamental miscarriage of justice, and that his trial counsel rendered ineffective assistance for failing to assert the claim. ECF No. 18 at 9-12.

Turning first to Petitioner's "fundamental miscarriage of justice" argument, a fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To establish "actual innocence," Petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To be credible, "such a claim

requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's claim appears to rest on a videotape, also referenced in Claim Three, that he contends shows a different person, "Kyle Sealey," selling pills to Gilmore. Sealey was a co-defendant in a different case against Petitioner, not the one for which he was convicted in the case underlying this Petition. *See* ECF No. 2 (memorandum referencing Escambia County Case No. 2011-CF-5345-B, stemming from an offense date of April 20, 2011). To the extent that Petitioner is asserting claims of error in cases other than the conviction at issue in this case, his claims are not cognizable. Although other charges were filed against him as a result of the same undercover operation, which was active for a period of several months, Petitioner has failed to show that this "new" videotape evidence pertains in any way to the conviction underlying this case. As explained above, the videotape of the September 14, 2011, transaction in this case was played for the jury, without objection, and Petitioner was identified in open court by Gilmore as the person selling pills on the videotape. ECF

16-1 at 49-65. This evidence is wholly consistent with Gilmore's probable cause affidavit. ECF 16-1 at 35-36. On this record, Petitioner has failed to show that there is any evidence of innocence relevant to the conviction in this case that is sufficient to overcome the procedural default with respect to his claim that Gilmore's affidavit in this case was "false."

To the extent that the Petition may liberally be construed as asserting that the procedurally defaulted claim may be reviewed as one of ineffective-assistance pursuant to *Martinez v. Ryan*, ___U.S. ___, 132 S.Ct. 1309 (2012), Petitioner is not entitled to relief. In *Martinez*, the Supreme Court considered whether ineffective assistance of counsel at an "initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Martinez*, 132 S.Ct. 1315. In appropriate circumstances, *Martinez* provides prisoners cause for overcoming procedural default of an ineffective-assistance claim so long as certain narrow conditions are met. *See Trevino v. Thaler*, ___ U.S. ___, 133 S.Ct. 1911, 1918 (2013) (to overcome procedural default, petitioner must have substantial claim of ineffective assistance of trial counsel; be unrepresented or represented by ineffective counsel during state collateral review that is the initial review regarding that claim; and state law requires that an ineffective assistance

claim be raised in an initial-review collateral proceeding).

Here, Petitioner has failed to show that he has a substantial claim of ineffective assistance of trial counsel to assert with respect to Gilmore's affidavit.  Again, Gilmore identified Petitioner in open court as the person who sold him pills on September 14, 2011.  There is no support in the record for a claim that counsel was ineffective for failing to argue that Gilmore falsely identified Petitioner in the charging affidavit.  *Trevino,* 133 S.Ct. at 1918.

## C.  Grounds Four and Five: Entrapment

Petitioner's fourth and fifth claims are interrelated.  Petitioner argues that his conviction was obtained by "entrapment by estoppel" and that he was entitled to a jury instruction on entrapment.  ECF No. 1 at 8.  Respondent contends that his entrapment claim is procedurally defaulted because Petitioner failed to assert the defense at trial or on direct appeal.  ECF No. 16.  However, as Petitioner points out in his memorandum in support of the Petition and in his response in opposition to the motion to dismiss, Petitioner raised this claim as one of ineffective assistance of counsel in his postconviction motion.  ECF No. 2 at 31; ECF No. 18 at 18-19; *see* ECF No. 16-2 at 260-83; ECF No. 16-3 at 21-28.  Accordingly, the Court finds that Petitioner has exhausted this claim as one of ineffective

assistance of counsel and that, in fairness to Petitioner, the Respondent should be required to file a response addressing the merits of this ineffective-assistance claim.

### D.  *Ground Six: Ineffective Assistance "Apparent On Face of Record"*

Petitioner alleges that his appellate counsel was ineffective for failing to raise as an appeal issue that the undercover operation was operating without a business license and without being registered.  Petitioner alleges that he and his counsel had previously agreed the claim would be raised on appeal.  ECF No. 2 at 39; ECB 1-1 at 57-58 (statements of judicial acts to be reviewed reflecting omitted claim).

Respondent's motion to dismiss this claim on the ground of exhaustion states that Petitioner's Rule 3.850 postconviction motion was not predicated "factually or legally on the theory that the prosecution acted fraudulently or falsified a record.  In effect, Stanton seeks habeas relief based on fact or legal theory not advanced to the state postconviction court."  ECF No. 16 at 13.

The Respondent has misconstrued Petitioner's claim.  Petitioner's claim is not one of prosecutorial misconduct.  It is one of ineffective assistance of appellate counsel.  Nevertheless, upon careful review of the record, the Court agrees that Petitioner failed to raise this claim in any of

his postconviction motions. Therefore, this claim is unexhausted and procedurally defaulted. Petitioner argues that he is nevertheless entitled to review of this claim under the "fundamental miscarriage of justice" exception but again he has failed to present any evidence that would support a claim of actual innocence sufficient to overcome the procedural default. *See Rozzelle*, 672 F.3d at 1011.

### E. Ground Seven: Cumulative Error

Petitioner contends that the trial court errors and ineffective assistance of counsel resulted in "cumulative error" that denied him a fair trial. ECF No. 1 at 10, ECF No. 2 at 43-45. In the motion to dismiss, Respondent argues that this claim is vague, conclusional, and unexhausted. ECF No. 16.

The Court agrees that Petitioner's claim is too vague and conclusional to state a claim for federal habeas relief. "'[T]he Supreme Court has held, in the context of an ineffective assistance claim, that 'there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt.'" *Forrest v. Fla. Dept. Of Corrections*, 342 Fed. Appx. 560, 564-65 (11th Cir. 2009)(*per curiam*) (quoting *United States v. Cronic*, 466 U.S. 648, 659 n.26 (1984)); *see also Spears v. Mullin*, 343 F.3d 1215,

1251 (10th Cir. 2003)("Because the sum of various zeroes remains zero, the claimed prejudicial effect of their [the petitioners'] trial attorneys' cumulative errors does not warrant habeas relief."). Further, it does not appear that Petitioner asserted a similar "cumulative error" claim in his postconviction motions in state court. On this record, the Court concludes that Petitioner's claim is procedurally defaulted and foreclosed from federal habeas review.

## V.  Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 16, should be **GRANTED IN PART AND DENIED IN PART**, and that this matter should be recommitted to the undersigned for further briefing on the merits of Petitioner's Claims Five and Six.

**IN CHAMBERS** this 5th day of August 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.