IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFERY LOVELL STANTON,

    Petitioner,
v.                                         CASE NO. 3:15-cv-413-LC-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of a drug-trafficking offense following a jury trial in Escambia County in November 2012 (Case No. 2011-CF-5363). He was convicted of a separate drug-trafficking offense following a bench trial in Escambia County in February 2013 (Case No. 2011-CF-5361). The Petition in this case references only the jury-trial conviction in Escambia County Case No. 2011-CF-5363. ECF No. 1. ECF No. 15.

The Respondent filed a motion to dismiss the petition, supported by relevant portions of the state court record, for failure to state cognizable federal habeas claims and failure to exhaust state remedies. ECF No. 16. The Court granted the motion in part and denied it in part. ECF Nos. 20,

21. The Court dismissed all of the claims in the Petition, with the exception of Petitioner's Claims Four and Five, pertaining to alleged ineffective assistance of counsel in connection with an entrapment defense. *Id*. The matter was recommitted to the undersigned, and the Court ordered further briefing on the merits of Petitioner's ineffective-assistance claim. ECF No. 22. The Respondent filed an answer responding to the merits of the claims, and Petitioner filed a response. ECF Nos. 23, 24. Upon due consideration, the undersigned recommends that relief on the merits of the remainder of the Petition be denied.

## I. Background

The conviction and sentence underlying this case were affirmed *per curiam* without written opinion on December 3, 2013. *Stanton v. State*, 127 So.3d 507 (Fla. 1st DCA 2013). Petitioner sought state habeas corpus relief, alleging claims of ineffective assistance of appellate counsel and trial court errors. The First DCA summarily denied the petition on the merits. *Id*. Exh. G, H.

Petitioner filed motions for postconviction relief pursuant to Fla. R. Crim. P. 3.850. His first two motions were dismissed as insufficient. *Id*. Exh. I at 49-50, 100-01. A third motion was summarily denied on the

merits without an evidentiary hearing.  See ECF No. 1-1 at 30.

As the state court explained in the order denying postconviction relief, Petitioner's charges stemmed from an undercover storefront operation where Petitioner was alleged to have sold 50 hydrocodone pills to an undercover officer on September 14, 2011.  The transaction was recorded on videotape, which was played for the jury at Petitioner's trial.  An undercover officer, Jason Gilmore, identified Petitioner in open court as the individual on the videotape who sold him the pills at the "Anything for a Buck" storefront operation.  ECF No. 16-1 at 56.

Petitioner's first claim on postconviction review was that trial counsel was ineffective for failing to pursue the defense of entrapment.  The state court rejected the claim because the record showed that counsel did explore the theory that the sheriff operated an illegal business by cross-examining Gilmore regarding the license status of the business and by attempting to call a deputy tax collector as a witness to testify that the operation did not have a business tax receipt.  The trial court found that the testimony was irrelevant to the facts of the case and denied the testimony.  The postconviction court therefore found that counsel was not ineffective.  ECF No. 1-1 at 32.

Petitioner's second claim was that counsel was ineffective for failing to argue for an instruction of unlawful intent. The state court rejected this claim, finding that the trial court denied counsel's motion to include the term "unlawfully" in the jury instructions, and that Petitioner failed to show what further argument counsel should have articulated. *Id*. at 33.

In Petitioner's third claim, he argued that counsel was ineffective for failing to call additional witnesses regarding alleged discrepancies in the chain of custody and the weight of the pills sold to the undercover officer. After carefully reviewing the trial evidence, the postconviction court found this claim to be without merit. *Id*. at 33-35.

Petitioner's fourth claim alleged that his trial counsel conceded his guilt without consulting him by stating in closing argument that there was no evidence Petitioner knew he couldn't sell his pills, for which Petitioner had a valid prescription. The postconviction court rejected this claim, finding that counsel did not concede guilt but rather argued that Petitioner was presumed innocent and that counsel challenged the chain of custody, discrepancies in the weight of the evidence, and doubts about whether the sheriff needed a business license to conduct the operation. The postconviction court noted, however, that a videotape of the transaction

depicting Petitioner was played for the jury.  The court found that Petitioner failed to show that a prescription defense was available to him, because the state pursued the trafficking charge on the basis of the sale of the pills and not possession.  The court found that an entrapment defense was not available because Petitioner would have needed to concede that he sold the pills.  Accordingly, the court rejected Petitioner's claim that counsel was ineffective for failing to file an adequate motion to dismiss based on the defenses of a valid prescription and entrapment.  *Id.* at 35-36.

The First DCA affirmed *per curiam* without written opinion.  *Stanton v. State*, 169 So.3d 1169 (Fla. 1st DCA 2015).  Petitioner pursued a second state habeas corpus petition on grounds that are not relevant to the claims asserted in this case.

The instant federal petition, which Respondent conceded is timely, raised the following grounds: (1) the trial court lacked jurisdiction due to defects in the charging instrument; (2) discovery violations resulted in fraud upon the trial court; (3) Petitioner has established "gateway innocence" sufficient to overcome procedural defaults; (4) & (5) Petitioner's rights were violated because of the government's entrapment, and he was entitled to a jury instruction on entrapment; (6) ineffective assistance; (7) "cumulative

error." ECF No. 1.   As noted, only Claims Four and Five remain for disposition on the merits, to the extent they were asserted as ineffective-assistance claims in state court.

## II. Section 2254 Standard of Review

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes limitations on the scope of this Court's review.   Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, ___ U.S. ___, 2013 WL 5904117, *4 (2013)(quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

As to legal findings, a petitioner is entitled to federal habeas relief

only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*. This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*[1]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976)).

---

[1]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

### III.  Discussion

*Grounds Four and Five: Entrapment*

Petitioner's fourth and fifth claims are interrelated.  Petitioner argues that his conviction was obtained by "entrapment by estoppel" and that he was entitled to a jury instruction on entrapment.  He contends that his counsel was ineffective for failing to pursue this defense.  ECF No. 1 at 8; ECF No. 18 at 18-21.

Petitioner's claim of entitlement to an entrapment defense stems from the fact that undercover officers set up what was ostensibly a storefront pawn shop, "Anything for a Buck", and solicited the community via fliers to bring merchandise to the shop. Petitioner asserts that his counsel should have pursued an entrapment defense by calling a witness from the tax collector's office to establish that the shop did not have a business license, thereby showing that the sole purpose was to "entrap" unwary customers. *See* ECF No. 1. The state court rejected this claim on the facts of the record. Petitioner's trial counsel cross-examined the undercover officer, Gilmore, regarding the license status of the business. Counsel also attempted to call a deputy tax collector as a witness to testify that the operation did not have a business tax receipt. After hearing a proffer of the testimony, the trial court found that the testimony was irrelevant to the facts of the case because the witness testified that as a law enforcement operation the shop was exempt from any licensing requirements. The postconviction court therefore found that counsel was not ineffective because he did, in fact, attempt to explore the shop's licensing status as an issue. ECF No. 16-1 at 23, 38, 46-53.

The state court further determined that in order to proceed with an

entrapment defense, Petitioner would have needed to concede he sold the pills and that Petitioner also failed to allege facts showing that an entrapment defense was available to him.  ECF No. 16-3 at 27.  The defense theory instead focused on the presumption of innocence, issues with the chain of custody, discrepancies in the weight of the drugs, and the officers' lack of knowledge regarding whether they had to comply with business regulations to set up the shop.  *Id*. at 27, 64-65.  The court found that Petitioner failed to show that the result of the outcome would have been different had counsel consulted with Petitioner.  *Id.* at 27.

Florida recognizes the defense of subjective entrapment, set forth in Fla. Stat. § 777.201.  A subjective entrapment defense may be available to a defendant who establishes by a preponderance of the evidence that he was induced by a government agent to commit an offense, and establishes a lack of predisposition to commit the offense. *State v. Henderson*, 955 So.2d 1193, 1194 (Fla. 4th DCA 2007).  In addition to the defense of subjective entrapment, Florida recognizes objective entrapment as a bar to prosecution.  The "'[o]bjective entrapment analysis focuses on the conduct of law enforcement' and 'operates as a bar to prosecution in those instances where the government's conduct 'so offends decency or a sense

of justice' that it amounts to a denial of due process.'" *Henderson*, 955 So.2d at 1194 (quoting *Davis v. State*, 937 So.2d 300, 302 (Fla. 4th DCA 2006)).

Here, the state court found that Petitioner failed to allege facts showing that an entrapment defense was available to him under Florida law, and Petitioner points to no clear and convincing evidence in the record showing that the state court's determination was erroneous. ECF No. 16-3 at 27. In particular, Petitioner points to no facts suggesting that he was not predisposed to commit the offense or that the government's conduct in setting up the undercover operation so offended decency or a sense of justice that it amounted to a denial of due process. Further, it is within the province of the state court to make determinations of state law. Because the state court concluded that no entrapment defense was available under state law, counsel was not ineffective for failing to pursue the defense or to request a jury instruction on the offense.

To the extent that Petitioner asserts a claim of "entrapment by estoppel," his claim also fails. "Entrapment-by-estoppel is an affirmative defense that provides a narrow exception to the general rule that ignorance of the law is no defense." *United States v. Funches*, 135 F.3d 1405, 1407

(11th Cir.1998). "To assert this defense successfully, a defendant must actually rely on a point of law misrepresented by an official of the state; and such reliance must be *objectively reasonable-given the identity of the official*, the point of law represented, and the substance of the misrepresentation." *Id*. (emphasis added). The defense "focuses on the conduct of the [G]overnment officials, not on the state of mind of the defendant." *United States v. Thompson*, 25 F.3d 1558, 1564 (11th Cir.1994).

In this case, Petitioner points to no facts suggesting that there was a basis for counsel to assert this defense. In particular, from this record Petitioner has not established that counsel could have argued that it was objectively reasonable to sell hydrocodone in what for all appearances was a pawn shop. *See United States v. Clark*, 159 Fed.Appx.128, 2005 WL 3438434 *3 (11th Cir. 2005) (defendant not entitled to instruction on entrapment defense based on representations made by undercover detective posing as travel agent connecting clients with prostitutes in Costa Rica because "a reasonable person would not rely upon a pimp for legal guidance.").

In sum, the state court's rejection of Petitioner's ineffective-assistance claims pertaining to an entrapment defense is not "so lacking in

justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt,* 134 U.S. at 15.

## IV. Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## V.  Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, should be **DENIED** and that a COA should be **DENIED.**

**IN CHAMBERS** this 31st day of January 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.